**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Melanie Siarot**, <br><br> Plaintiff, <br><br> v. <br><br> **Stapley Wings, LLC d/b/a ATL Wings #6**, an Arizona limited liability company; **Cianne Kirksey and John Doe Kirksey**, a Married Couple, and **David Kirksey and Jane Doe Kirksey** <br><br> Defendant. | No. _____ <br><br> **COMPLAINT** |

Plaintiff, Melanie Siarot ("Plaintiff"), sues the Defendants, Stapley Wings, LLC d/b/a ATL Wings #6 ("Defendant Stapley Wings, LLC"), Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey (collectively, "Defendants" of "ATL Wings") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et

seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") 23-362, et seq.; and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Stapley Wings, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Stapley Wings, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Stapley Wings, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Stapley Wings, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Stapley Wings, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Stapley Wings, LLC is subject to liability under the FLSA.

11. Defendant Cianne Kirksey and John Doe Kirksey are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Cianne Kirksey and John Doe Kirksey are owners of Defendant Stapley Wings, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Cianne Kirksey and John Doe Kirksey are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Cianne Kirksey and John Doe Kirksey are owners of Defendant Stapley Wings, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Cianne Kirksey and John Doe Kirksey are subject to individual liability under the FLSA.

13. Defendant David Kirksey and Jane Doe Kirksey are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. David Kirksey and Jane Doe Kirksey are owners of Defendant Stapley Wings, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants David Kirksey and Jane Doe Kirksey are employers. The FLSA defines "employer" as any individual who acts directly or

indirectly in the interest of an employer in relation to an employee.  David Kirksey and Jane Doe Kirksey are owners of Defendant Stapley Wings, LLC.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, David Kirksey and Jane Doe Kirksey are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey.

20. At all relevant times, Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey.

22. At all relevant times, Plaintiff was an "employee" of Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey as defined by the Arizona A.R.S. § 23-350, et seq.

23. At all relevant times, Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey were and continue to be "employers" as defined by A.R.S. § 23-350.

24. At all relevant times, Plaintiff was an "employee" of Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey were and continue to be "employers" as defined by A.R.S. § 23-362.

26. Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

-6-

27. Plaintiff, in her work for Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in her work for Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in her work for Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey, was engaged in interstate commerce.

30. Plaintiff, in her work for Defendants Stapley Wings, LLC, Cianne Kirksey and John Doe Kirksey, and David Kirksey and Jane Doe Kirksey, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

31. Defendants own and/or operate as ATL Wings #6, an enterprise located in Maricopa County, Arizona.

32. Plaintiff was hired by Defendants as a prep worker/cashier and worked for Defendants on April 6, 2020 and April 7, 2020.

33. Defendants, in their sole discretion, agreed to pay Plaintiff $12.00 per hour for all hours she worked.

34. Plaintiff worked her first shift for Defendants on April 6, 2020 from 10:00 a.m. through 4:00 p.m.

-7-

35. Plaintiff returned to Defendants' restaurant for her shift on April 7, 2020 and was required to wait at the location for approximately one hour before being sent home.

36. Plaintiff later received e-mail communication from Defendants stating that they were no longer going to employ her.

37. Defendants have failed to compensate Plaintiff any wages whatsoever for the hours she spent performing work for Defendants.

38. Defendants were required to compensate Plaintiff all wages owed to her within 7 working days or the next regular scheduled pay date, whichever was sooner.

39. To date, Defendants have failed to compensate Plaintiff any wages whatsoever for the hours she spent performing work for Defendants.

40. As a result of Defendants' having willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendants' having willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants, Defendants violated 29 U.S.C. § 206(a).

42. As a result of Defendants' having willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants, Defendants have violated the AMWA, A.R.S. § 23-363.

43. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked for Defendants.

44. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked for Defendants.

45. Defendant have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked for Defendants.

46. Plaintiff is a covered employee within the meaning of the FLSA.

47. Plaintiff is a covered employee within the meaning of the AMWA.

48. Plaintiff is a covered employee within the meaning of the AWA.

49. Plaintiff was a non-exempt employee.

50. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

51. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at

trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants.

57. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

58. Defendants' practice of willfully and improperly refusing to pay Plaintiff her paychecks for her final two weeks of work violated the FLSA, 29 U.S.C. § 206(a).

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Melanie Siarot, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

      ii.      Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

60.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.    Defendants willfully and improperly refused to pay Plaintiff any wages whatsoever for the hours she worked for Defendants.

62.    As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

63.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Melanie Siarot, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants committed one of more of the following acts:

   i.  Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT

## **FAILURE TO PAY WAGES OWED**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants.

67. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

68. Plaintiff is therefore entitled to compensation for all applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Melanie Siarot, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 17th Day of June, 2020.

          BENDAU & BENDAU PLLC

          By: /s/ *Christopher J. Bendau*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorney for Plaintiff*